# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY NORTH,<br><br>   Plaintiff,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>   Defendants. | Civil Action No. 08–1439 (CKK) |

## MEMORANDUM OPINION
(July 22, 2010)

This is a Freedom of Information Act ("FOIA") case brought by Plaintiff Jeffrey North against several agencies within the United States Department of Justice that have denied his requests for records relating to certain grand jury proceedings and a witness who testified against him at his criminal trial. On September 30, 2009, the Court denied Plaintiff's motion for summary judgment and granted Defendants' motions for summary judgment except with respect to Count III of the Amended Complaint against Defendant Executive Office for United States Attorneys (EOUSA). The Court authorized Plaintiff and EOUSA to file renewed motions for summary judgment with respect to Count III of the Amended Complaint and set forth a briefing schedule for those motions, which was subsequently modified by request of the parties. On April 15, 2010, EOUSA filed a [71] Renewed Motion for Summary Judgment, which is supported by a supplemental declaration from David Luczynski and a declaration from Christopher F. Bator regarding the agency's search for records responsive to Plaintiff's FOIA request. Under the current briefing schedule, Plaintiff has until August 5, 2010, to file his opposition to EOUSA's

renewed motion, which shall be consolidated with any renewed cross-motion for summary judgment.[1] Also pending before the Court are several discovery motions filed by Plaintiff.[2] The Court shall address each in turn.

   A.   *Motion for Production of Docket Entries*

On April 6, 2010, Plaintiff filed a [70] Motion for Production of Docket Entries from the Case of *United States v. North*, Crim. No. 98-CR-10176, in which Plaintiff seeks information from docket entries in his criminal case. Although Plaintiff's motion is similar to a request for discovery, Plaintiff is actually arguing that the EOUSA's failure to produce docket entries from his criminal case in response to his FOIA request renders the agency's search inadequate. In other words, Plaintiff's motion goes to the merits of the issues that will be resolved in adjudicating EOUSA's renewed motion for summary judgment. "Discovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains." *Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002).

In this case, the record shows that EOUSA has already provided the relief requested by Plaintiff's motion, which was to either (a) provide a copy of the docket entries or (b) aver under

---

[1] This Court has advised Plaintiff, who is proceeding *pro se*, that if he fails to respond to EOUSA's motion for summary judgment, this Court may treat EOUSA's motion as conceded and dismiss the case. *See* Order (Dec. 16, 2008), Dkt. No. [18].

[2] Plaintiff's [66] Motion for a Clear and Definite Statement in Any Further Declaration or Affdavits by the Executive Office for United States Attorneys, filed February 2, 2010, is also pending before the Court. However, this motion pertains to declarations that were filed in EOUSA's earlier renewed motion for summary judgment, which the Court denied without prejudice on January 29, 2010. *See* Order, Dkt. No. [65]. Therefore, the Court shall deny Plaintiff's [60] Motion for a Clear and Definite Statement as moot.

oath that it does not have control over such docket entries. *See* Pl.'s [70] Mot. for Production at 3. In his supplemental declaration supporting EOUSA's renewed motion for summary judgment, David Luczynski, an attorney-advisor with EOUSA, explains that EOUSA does not have any control over the docket entries in his criminal case and that those records would be maintained by the office of the Clerk of the Court. *See* Def.'s Renewed Mot. for Summ. J., Supp. Decl. of David Luczynski ¶ 19. "The FOIA requires disclosure only of 'agency records,' which are documents created or obtained by an agency and under the agency's control at the time the FOIA request is made." *Judicial Watch v. Doe*, 412 F.3d 125, 131 (D.C. Cir. 2005). Plaintiff argues that the docket entries are under EOUSA's "control" but provides no support for that assertion. In FOIA actions, "[a]gency affidavits are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). Therefore, EOUSA has shown that it does not have control over the docket entries requested and provided the relief requested by Plaintiff's motion. The Court shall therefore DENY Plaintiff's Motion for Production of Docket Entries.

    B.    *Motion for Production of Supporting Documents*

On June 3, 2010, Plaintiff filed a [79] Motion for Defendant to Include Supporting Documents to It's [*sic*] Pleadings. In the motion, Plaintiff seeks copies of 17 pages of records referenced in David Luczynski's declaration that were allegedly released to Plaintiff. On June 11, 2010, EOUSA filed [80] Notice of Filing in which it attaches the 17 pages of records and states that they were released to Plaintiff on April 15, 2010. Because these documents have been

3

posted on the public docket and mailed to Plaintiff, the Court shall DENY Plaintiff's motion as moot.

    C.    *Motions to Conduct Interrogatories and Discovery*

On June 10, 2010, Plaintiff filed a [81] Motion for Leave to Conduct Interrogatories. In his motion, he contends that the declarations provided by Christopher Bator and Mary Ellen Barrett are insufficient to establish the adequacy of EOUSA's search and seeks to propound interrogatories on them. On June 11, 2010, Plaintiff filed a [82] Motion for Leave to Conduct Discovery in which he seeks permission to conduct discovery to investigate the possibility that documents were destroyed, based on a statement made in an earlier declaration by Ms. Barrett that grand jury materials from 1997 or 1998 would have been destroyed in 2007 and 2008. The Court notes that EOUSA no longer relies on Ms. Barrett's declarations. On June 22, 2010, Plaintiff filed a [85] Motion to Allow Supplemental Interrogatories in which he contends that the declaration of Mr. Bator is not specific enough to show that the agency's search was adequate. Each of these motions requests information relating to the conduct of EOUSA in handling his FOIA request. As explained above, however, the adequacy of the agency's search is an issue that will be decided by the Court in resolving the EOUSA's renewed motion for summary judgment. "[T]he district court has discretion to forgo discovery and award summary judgment on the basis of the [agency's] affidavits." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978). Therefore, if Plaintiff believes that the declarations submitted by EOUSA are inadequate to establish that the agency's searches were adequate and that EOUSA is entitled to summary judgment, he must explain his argument in his opposition to EOUSA's motion. If the Court agrees with Plaintiff that EOUSA is not entitled to summary judgment, the Court shall reconsider Plaintiff's requests

for discovery. However, the Court shall not permit any discovery to be taken until it has considered EOUSA's renewed motion for summary judgment.

For the foregoing reasons, the Court shall DENY Plaintiff's [70] Motion for Production of Docket Entries from the Case of *United States v. North*, Crim. No. 98-CR-10176; DENY Plaintiff's [79] Motion for Defendant to Include Supporting Documents to It's [*sic*] Pleadings; DENY Plaintiff's [81] Motion for Leave to Conduct Interrogatories; DENY Plaintiff's [82] Motion for Leave to Conduct Discovery; and DENY Plaintiff's [85] Motion to Allow Supplemental Interrogatories. An appropriate Order accompanies this Memorandum Opinion.

                                                     */s/*
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge