**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JEFFREY NORTH,

    Plaintiff,

      v.

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,

    Defendants.

Civil Action No. 08–1439 (CKK)

**MEMORANDUM OPINION**
(March 31, 2011)

This is a Freedom of Information Act ("FOIA") case brought by Plaintiff Jeffrey North

against several agencies within the United States Department of Justice that denied his requests

for records relating to certain grand jury proceedings and a witness who testified against him at

his criminal trial. On September 30, 2009, the Court granted summary judgment to Defendants

with respect to all of Plaintiff's claims except for the claim asserted in Count III of the Amended

Complaint. *See North v. U.S. Dep't of Justice*, 658 F. Supp. 2d 163 (D.D.C. 2009). In Count III,

Plaintiff claims that Defendant Executive Office for United States Attorneys ("EOUSA")

improperly withheld records in response to Paintiff's FOIA request for documents relating to the

grand jury that indicted him. Following the Court's denial of its motion for summary judgment

as to Count III, EOUSA conducted a new search for records responsive to Plaintiff's FOIA

request and produced some additional records to Plaintiff with certain information withheld

under one or more FOIA exemptions. Presently pending before the Court are EOUSA's [71]

Renewed Motion for Summary Judgment and Plaintiff's [93] Consolidated Motion for Summary

Judgment and Opposition to Defendant's Motion for Summary Judgment, which have now been fully briefed and are ripe for adjudication. After a thorough review of the parties' submissions and attachments thereto and applicable case law and statutory authority, the Court shall grant EOUSA's renewed motion for summary judgment as to Count III and deny Plaintiff's motion for summary judgment.

## I.  BACKGROUND

Plaintiff Jeffrey North ("North") was tried and convicted in 2000 for several drug- and gun-related offenses. *See United States v. North*, No. 1:98-cr-10176-GAO (D. Mass. Mar. 15, 2000). On June 8, 2006, North submitted a FOIA request to EOUSA requesting certain information pertaining to the grand jury in his criminal case. *See* Pl.'s Ex. A (June 8, 2006 FOIA Request).[1] Specifically, North asked for: (1) "any and all documents which prove/indicate when the grand jury was convened/assembled or at what point did the term of service of the grand jury begin"; (2) "any and all documents which prove/indicate whether the grand jury . . . was convened/assembled pursuant to either Fed. R. Crim. P. 6 or 18 U.S.C. § 3331"; and (3) "any and all documents which pertain to any extensions of time for the grand jury." In Count III of his Amended Complaint, North claims that EOUSA failed to comply its obligations under FOIA to provide these records. North's FOIA request also asked EOUSA to "provide the date of each grand jury session for the original indictment" and "for the superseding indictment" in his criminal case. *See id.*

_____

[1] Plaintiff's FOIA request also sought a copy of a grand jury subpoena that had been issued to him in a different case. Plaintiff addressed this request in Count IV of his Amended Complaint, and the Court previously granted summary judgment in favor of EOUSA on this claim.

EOUSA previously conducted searches to identify records responsive to North's FOIA request. However, following the Court's denial of EOUSA's initial motion for summary judgment as to Count III, EOUSA conducted a new search for records responsive to North's request. Suppl. Decl. of David Luczynski ¶ 4. The new search was conducted by Christopher F. Bator ("Bator"), an Assistant United States Attorney in the U.S. Attorney's Office for the District of Massachusetts. *Id.* Bator was one of the prosecutors who represented the government in North's criminal case. Aff. of Christopher F. Bator ("Bator Aff.") ¶ 3. EOUSA provided Bator with all of North's FOIA requests. Suppl. Decl. of David Luczynski ¶ 5.

To attempt to find records responsive to North's FOIA request, Bator obtained and searched all files pertaining to North, including district court and appellate case files, that were in the possession or control of personnel in the U.S. Attorney's Office who worked on North's criminal case. *See* Bator Aff. ¶ 5. Bator also obtained grand jury files maintained by Maryellen Barrett, the Grand Jury Coordinator for the U.S. Attorney's Office for the District of Massachusetts. *Id.* On March 8, 9, and 31, 2010, Bator located, obtained, and searched nine file boxes and one file folder containing records pertaining to North. *Id.* On March 12, 2010, Bator was present while Maryellen Barrett searched the files she maintains as Grand Jury Coordinator. *Id.* During the searches, Bator located fifteen documents that appeared to be responsive to North's requests. *Id.* These documents were cover sheets and final pages of transcripts of grand jury testimony in North's criminal case that indicated the date that the testimony was given. *Id.* No other responsive records were found. *Id.* Bator states in his affidavit that to the best of his knowledge, "all records and colelctions and/or databases of records within the [U.S. Attorney's Office for the District of Massachusetts] likely to contain records responsive to North's requests

have been searched." *Id.* ¶ 6.  Bator further states that he knows of no other location where

records that might be responsive to North's requests are likely to be located.  *Id.*

The fifteen pages of records located by Bator are similar to two additional pages of

records that had been identified in a prior search by EOUSA.  Suppl. Decl. of David Luczynski

¶ 6.  These seventeen pages were released to North in redacted form, with seven pages released

in full and ten pages released in part.  *Id.* ¶¶ 7, 14.  EOUSA applied FOIA Exemption 3, 5 U.S.C.

§ 552(b)(3), to withhold information that would identify the witnesses who testified before the

grand jury.  *Id.* ¶ 13.  EOUSA applied FOIA Exemption 7(C), 5 U.S.C. § 553(b)(7)(C), to

withhold portions of the record relating to the identity of third-party individuals, such as potential

witnesses and law enforcement personnel.  *Id.* ¶ 16.

## II.  LEGAL STANDARD

In reviewing motions for summary judgment under FOIA, the Court must conduct a *de*

*novo* review of the record.  *See* 5 U.S.C. § 522(a)(4)(B).  In the FOIA context, "*de novo* review

requires the court to 'ascertain whether the agency has sustained its burden of demonstrating that

the documents requested . . . are exempt from disclosure under the FOIA.'" *Assassination*

*Archives & Research Ctr. v. Cent. Intelligence Agency*, 334 F.3d 55, 57 (D.C. Cir. 2003)

(quoting *Summers v. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998)).  Summary

judgment is proper when "the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

All underlying facts and inferences are analyzed in the light most favorable to the non-

moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Only after an agency

seeking summary judgment proves that it has fully discharged its FOIA obligations is summary

judgment appropriate. *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1350 (D.C. Cir. 1983). In opposing a motion for summary judgment, a party must offer more than conclusory statements. *See Broaddrick v. Exec. Office of the President*, 139 F. Supp. 2d 55, 65 (D.D.C. 2001) (citing *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987)). Indeed, a plaintiff pursuing an action under FOIA must establish that the agency has improperly claimed an exemption as a matter of law or that the agency failed to segregate and disclose all non-exempt information in the requested documents. *See Perry-Torres v. Dep't of State*, 404 F. Supp. 2d 140, 142 (D.D.C. 2005).

Congress enacted FOIA for the purpose of introducing transparency to government activities. *See Stern v. Fed. Bureau of Investigation*, 737 F.2d 84, 88 (D.C. Cir. 1984). Congress remained sensitive, however, to the need to achieve balance between this objective and the vulnerability of "legitimate governmental and private interests [that] could be harmed by release of certain types of information." *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992); *see also Summers v. Dep't of Justice*, 140 F.3d 1077, 1079 (D.C. Cir. 1998). Accordingly, FOIA provides nine exemptions pursuant to which an agency may withhold requested information. *See* 5 U.S.C. §§ 552(a)(4)(B), (b)(1)-(9). The agency must demonstrate the validity of any exemption that it asserts. *See id.*; *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993) ("Consistent with the purpose of the Act, the burden is on the agency to justify withholding requested documents.") In addition, summary judgment may be granted on the basis of the agency's accompanying affidavits or declarations if they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary

evidence in the record nor evidence of agency bad faith." *Military Audit Project v. Casey*, 656

F.2d 724, 738 (D.C. Cir. 1981). These affidavits may be submitted by an official who

coordinated the search, and need not be from each individual who participated in the search. *See*

*SafeCard Servs. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Where the

adequacy of the search is in doubt, the agency "must show beyond material doubt . . . that it has

conducted a search reasonably calculated to uncover all relevant documents." *Weisberg*, 705

F.2d at 1351. But "[t]here is no requirement that an agency search every record system."

*Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

An agency also has the burden of detailing what proportion of the information in a

document is non-exempt and how that material is dispersed throughout the document. *Mead*

*Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977). Any non-

exempt information that is reasonably segregable from the requested records must be disclosed.

*Oglesby v. U.S. Dep't of the Army*, 79 F.3d 1172, 1178 (D.C. Cir. 1996). In addition, district

courts are obligated to consider segregability issues *sua sponte* even when the parties have not

specifically raised such claims. *Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d

1022, 1028 (D.C. Cir. 1999).

## III. DISCUSSION

In considering the parties' cross-motions for summary judgment, the Court shall address

the adequacy of EOUSA's search for records and the exemptions it has invoked.

*A.      The Adequacy of EOUSA's New Search*

"To win summary judgment on the adequacy of a search, the agency must demonstrate

beyond material doubt that its search was 'reasonably calculated to uncover all relevant

documents.'" *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995)

(quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). To meet its burden, the

agency may submit affidavits or declarations that explain in reasonable detail and in a non-

conclusory fashion the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121,

126 (D.C. Cir. 1982). The agency must show that it made a "good faith effort to conduct a

search for the requested records, using methods which can be reasonably expected to produce the

information requested." *Oglesby v. Dep't of the Army*, 920 F.2d at 68; *accord Campbell v. U.S.

Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998). In the absence of contrary evidence, such

affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA.

*Perry*, 684 F.2d at 127. A search need not be exhaustive, *Miller v. U.S. Dep't of State*, 779 F.2d

1378, 1383 (8th Cir. 1995), and the adequacy of the search is not determined by its results, but by

the method of the search itself, *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir.

1984). An agency's failure to find a particular document does not necessarily indicate that its

search was inadequate. *Wilbur v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine*, 71

F.3d at 892 n.7.

EOUSA has met its burden to prove that its new search for records requested by North

was reasonably calculated to identify all records that might be responsive to North's requests.

North requested documents relating to the term of the grand jury that indicted him. EOUSA has

provided a declaration from Christopher Bator, one of the attorneys who prosecuted him, who

conducted the search for records within the U.S. Attorney's Office for the District of

Massachusetts, where the grand jury was empaneled. Bator explains that he searched all the files

pertaining to North that were maintained either by personnel who were involved in North's

criminal case or by Maryellen Barrett, the Grand Jury Coordinator.  Bator further explains that

these are all the records within the U.S. Attorney's Office for the District of Massachusetts that

are likely to contain records responsive to North's request.

North argues that Bator's affidavit is insufficient because it does not specifically state that

he searched for documents relating to whether any extensions were granted to the grand jury term

or whether the grand jury was convened pursuant to Fed. R. Crim. P. 6 or 18 U.S.C. § 3331.  *See*

Pl.'s Mem. at 9.  However, according to the supplemental declaration submitted by EOUSA

Attorney Advisor David Luczynski, Bator reviewed all of North's FOIA requests prior to

conducting the search, *see* Suppl. Decl. of David Luczynski ¶ 4, and there is nothing in Bator's

affidavit that suggests Bator limited his search to only some of the documents requested by

North.  The fact that the search did not turn up any documents relating to the extension of the

grand jury term or the legal basis for convening the grand jury does not mean that the agency's

search was inadequate.  *Wilbur*, 355 F.3d at 678 ("[T]he agency's failure to turn up a particular

document, or mere speculation that as yet uncovered documents might exist, does not undermine

the determination that the agency conducted an adequate search for the requested records.").

Accordingly, the Court finds that the evidence submitted by EOUSA is sufficiently detailed to

show that the agency's new search was thorough and reasonably calculated to retrieve the

documents requested by North.

In his opposition and cross-motion for summary judgment, North attempts to question the

validity of EOUSA's searches by pointing to inconsistencies in EOUSA's prior searches.  Those

inconsistencies were the reason why EOUSA decided to conduct a new search for responsive

records.  *See* Suppl. Decl. of David Luczynski ¶ 4.  However, the agency's previous failure to

demonstrate that it had conducted an adequate search does not call into question the validity of its new search for responsive records.

North has also complained about the fact that EOUSA did not provide docket entries from his criminal case that may give him the information he is seeking. However, EOUSA is only required to produce records that were in its custody or control at the time of the search, not records maintained by the courts. *Dockery v. Gonzales*, 524 F. Supp. 2d 49, 53 (D.D.C. 2007). Furthermore, to the extent that North was asking EOUSA to provide affirmative answers to his questions about his grand jury term, his requests were properly denied. "FOIA does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it has created and retained." *Moore v. Bush*, 601 F. Supp. 2d 6, 15 (D.D.C. 2009) (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980)).

Therefore, the Court shall grant EOUSA's motion for summary judgment and deny North's motion for summary judgment with respect to the adequacy of the search.

B.      *Propriety of the Exemptions Applied by EOUSA*

In producing the seventeen pages of documents to North, EOUSA withheld information relating to the identity of potential witnesses and law enforcement officers who may have participated in the grand jury proceedings, relying on FOIA Exemptions 3 and 7(C). FOIA Exemption 3 covers matters that are "specifically exempted by statute . . . provided that such statute either (A) [requires withholding] in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). The "statute" at issue here is Federal Rule of Criminal Procedure 6(e), which requires secrecy for grand jury proceedings. Rule 6(e) qualifies as a

statute for purposes of FOIA Exemption 3 because it was affirmatively enacted by Congress. *See Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 867-68 (D.C. Cir. 1981). Rule 6(e) bars disclosure of information that would "tend to reveal some secret aspect of the grand jury's investigation such . . . as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Senate of the Commonwealth of P.R. ex rel. Judiciary Comm. v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987) (internal quotation marks omitted). Disclosure of a grand jury subpoena would reveal some secret aspect of the grand jury's investigation. *See Kishore v. Dep't of Justice*, 575 F. Supp. 2d 243, 255 (D.D.C. 2008) (finding that grand jury subpoenas may not be disclosed under Rule 6(e).

FOIA Exemption 7(C) covers "records or information compiled for law enforcement purposes, but only to the extent that the production of such records and information . . .could reasonably be expected to constitute an unwarranted invasion of personal privacy . . . ." 5 U.S.C. § 552(b)(7)(C). Exemptions 7(C) require the court to balance the privacy interests of the individual whose records are sought with the public's interests in their disclosure. *Beck v. Dep't of Justice*, 997 F.2d at 1491. The Supreme Court has broadly interpreted the personal privacy interests protected by Exemption 7(C). *Id.*; *see U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 765-66 (1989) (recognizing a strong privacy interest in individualized information collected by law enforcement agencies). It has long been recognized that disclosing information about an individual's involvement in law enforcement proceedings may constitute an unwarranted invasion of personal privacy for purposes of Exemption 7(C). *See Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003) ("On the privacy side of

the ledger, our decisions have consistently supported nondisclosure of names or other information identifying individuals appearing in law enforcement records, including investigators, suspects, witnesses, and informants.").

The Court agrees that EOUSA appropriately invoked Exemptions 3 and 7(C) to redact the names of third-party individuals who appear to have participated in the grand jury proceedings. In addition, North does not argue that EOUSA improperly invoked these exemptions. It also appears to the Court that all non-exempt information has produced from the responsive records. Therefore, the Court shall grant EOUSA's renewed motion for summary judgment and deny North's motion for summary judgment with respect to Count III of the Amended Complaint. Plaintiff's [106] Motion to Reconsider Summary Judgment on Count I of the Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court shall GRANT Defendant Executive Office for United States Attorneys' [71] Renewed Motion for Summary Judgment with respect to Count III of the Amended Complaint and DENY Plaintiff's [93] Consolidated Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment with respect to Count III of the Amended Complaint.

The Court notes that on March 22, 2011, Plaintiff filed a [106] Motion to Reconsider Summary Judgment on Count I of the Complaint. The Court shall order Defendant Drug Enforcement Administration to respond to Plaintiff's motion to reconsider and withhold entry of final judgment until the Court rules on Plaintiff's motion. An appropriate Order accompanies

this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge
