# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JEFFREY NORTH,

    Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,

    Defendants.

Civil Action No. 08–1439 (CKK)

## MEMORANDUM OPINION
(September 14, 2011)

This is a Freedom of Information Act ("FOIA") case brought by Plaintiff Jeffrey North ("North") against several agencies within the United States Department of Justice that denied his requests for records relating to certain grand jury proceedings and a witness who testified against him at his criminal trial. On September 30, 2009, the Court granted summary judgment to Defendants with respect to all of North's claims except for the claim asserted in Count III of the Amended Complaint. *See North v. U.S. Dep't of Justice*, 658 F. Supp. 2d 163 (D.D.C. 2009). On March 31, 2011, the Court granted summary judgment to Defendant Executive Office for United States Attorneys ("EOUSA") on Count III of the Amended Complaint. *See North v. U.S. Dep't of Justice*, 774 F. Supp. 2d 217 (D.D.C. 2011). Presently pending before the Court is North's [106] Motion to Reconsider Summary Judgment on Count I of the Amended Complaint. Defendants have filed an opposition to North's motion, and the motion is now ripe for the Court's review. For the reasons explained below, the Court shall grant North's motion to reconsider and vacate its grant of summary judgment to Defendants with respect to Count I of the

Amended Complaint.

## I. BACKGROUND

North was tried and convicted in 2000 for several drug- and gun-related offenses. *See United States v. North*, No. 1:98-cr-10176-GAO (D. Mass. Mar. 15, 2000). During North's trial, the government called a witness named Gianpaolo Starita to testify against North and identified Starita as a registered confidential informant. Starita's testimony implicated North in a scheme to buy marijuana. Starita had agreed to cooperate with the government and testify against North in exchange for leniency in his own criminal case. One Drug Enforcement Administration ("DEA") agent who testified at North's trial indicated in his testimony that there may be written reports describing Starita's cooperation with the government. Following his conviction, on July 13, 2007, North filed a FOIA request with DEA requesting "any and all . . . documents which contain any debriefing/proffer statements or otherwise made/given by Gianpaolo Starita in regard to me . . . ." In its response letter, DEA neither confirmed nor denied the existence of any of the requested records and informed North that it could not release any such records without either proof of Starita's death or an authorized privacy waiver from Starita. DEA asserted that confirming the existence of law enforcement records relating to Starita would constitute an "unwarranted invasion of personal privacy" and that such records would be exempt from disclosure under FOIA Exemptions 6 and/or (7)(C), 5 U.S.C. §§ 522(b)(6), 522(b)(7)(C).

North filed this action seeking, *inter alia*, to compel DEA to release the records he had requested. The Court granted summary judgment for DEA, holding that the agency properly withheld the records pursuant to FOIA Exemptions 6, 7(C), and 7(D). *See* 658 F. Supp. 2d at 171-73. The Court also rejected North's claim that the documents he was requesting were in the

public domain and therefore could not be withheld under any FOIA exemption.  *Id.* at 173.

## II.  LEGAL STANDARD

Under Rule 54(b) of the Federal Rules of Civil Procedure, a district court may revise its own interlocutory orders "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities."[1]  Fed. R. Civ. P. 54(b).  Rule 54(b) recognizes the inherent power of the courts to reconsider interlocutory orders "as justice requires."  *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011).  The "as justice requires" standard may be met where the court has patently misunderstood the parties, strayed far afield of the issues presented, or failed to consider a controlling or significant change in the law or facts since the submission of the issue.  *See Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004).  In the final analysis, the district court must ask whether relief upon reconsideration is "necessary under the relevant circumstances."  *Lewis v. District of Columbia*, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (internal quotation marks omitted).  In this regard, the court's discretion is broad.  *Id.*

## III. DISCUSSION

North asks the Court to reconsider its prior ruling that he had failed to meet his burden of establishing that the documents he was requesting from DEA were in the public domain and thus could not be withheld under any valid FOIA exemption.  North argues that he was unfairly prejudiced because DEA did not raise the public domain issue in its motion for summary judgment.  However, North raised the public domain issue in his own motion for summary

---

[1] Although the Court has entered judgment for Defendants on all of North's claims, the Court explicitly withheld entry of final judgment until it could rule on North's motion to reconsider.

judgment, and it is North who bears the burden of showing that there is a permanent public

record of the documents he seeks to obtain.  *See Davis v. U.S. Dep't of Justice*, 968 F.2d 1276,

1280 (D.C. Cir. 1992).  Therefore, the Court is not persuaded that North suffered any prejudice.

Nevertheless, because North claims that the Court misapplied the applicable standard, the Court

shall review North's renewed claim that the documents he requested were in the public domain.

    As the Court explained in its initial summary judgment ruling, "materials normally

immunized from disclosure under FOIA lose their protective cloak once disclosed and preserved

in a permanent public record."  *Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999).  The party

seeking disclosure bears the initial burden of production and must "point[] to specific

information in the public domain that appears to duplicate that being withheld."  *Id.* (quoting

*Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983)).  In *Cottone*, the court held that

the plaintiff had met his initial burden of production by specifically identifying tape recorded

conversations that were played in open court.  *Id.* at 554-55.  Similarly, in *Callaway v. United*

*States Department of Treasury*, 2009 U.S. App. LEXIS 11941 (D.C. Cir. June 2, 2009) (per

curiam), the court held that the plaintiff had met his initial burden of production by attaching

public transcripts of his criminal trial and sentencing hearing to his FOIA request; the court held

that the trial transcripts should be compared to the grand jury transcripts the plaintiff was seeking

to determine whether any portion of the transcripts were identical.  *Id.* at *4-5.

    In this case, North contends that he met his initial burden of production by providing

DEA with excerpts of Starita's testimony from his criminal trial.  The Court previously held that

these excerpts were not sufficient because they did not show that the documents that North was

requesting were introduced into evidence or otherwise enshrined in a permanent public record.

4

However, upon reconsideration, the Court concludes that its prior ruling was too broad.  While the excerpts of trial testimony produced by North do not establish that the documents themselves became part of the public record, they are sufficient to demonstrate that some information within the requested documents may have been publicly disclosed.  Therefore, North has met his initial burden of production with respect to the information that is contained in the excerpts of trial testimony that he provided to DEA and which he attached to his motion for summary judgment.[2]  Accordingly, DEA has an obligation to search for and produce any responsive records that contain information identical that which has been publicly disclosed.  *See Niagara Mohawk Power Corp. v. U.S. Dep't of Energy*, 169 F.3d 16, 19 (D.C. Cir. 1999) ("[I]f identical information is truly public, then enforcement of an exemption cannot fulfill its purposes.").

The Court previously declined to decide whether DEA properly issued a Glomar response based on the fact that North was requesting information pertaining to an informant.  *See* 5 U.S.C. § 552(c)(2) ("Whenever informant records maintained by a criminal law enforcement agency under an informant's name or personal identifier are requested by a third party according to the informant's name or personal identifier, the agency may treat the records as not subject to the requirements of this section unless the informant's status as an informant has been officially

---

[2] Defendants, citing a supplemental declaration from William C. Little, claim that North did not provide the trial transcript to DEA along with his initial FOIA request.  *See* Defs.' Opp'n at 3 n.2 (citing Suppl. Little Decl. ¶ 5).  However, while North did not attach the transcript excerpts to his July 13, 2007 request for documents, he did attach transcript excerpts to a later request that was processed by DEA.  *See* Suppl. Little Decl. ¶ 6.  Furthermore, the Court is not persuaded by Defendants' argument that the Court should disregard any trial transcripts that were not presented to the agency; Defendants did not raise this argument in their original opposition to North's motion for summary judgment, and they raise it now only in a brief footnote.  In light of the fact that DEA issued a "Glomar" response to North's FOIA request, the Court finds that North satisfied his initial burden of production by presenting the excerpts of his trial transcript in his motion for summary judgment.

5

confirmed."). DEA contends that Starita's testimony at North's trial does not constitute official

confirmation of his status as an informant. However, North has produced trial transcripts

demonstrating that the government referred to Starita as an informant and that Starita testified

that he entered into a cooperation agreement to assist the prosecution in North's case in exchange

for lenient sentencing in his own case. *See* Pl.'s Mot. for Summ. J., Add. at 8-9, 16-18. In

*Benavides v. Drug Enforcement Administration*, 968 F.2d 1243 (D.C. Cir. 1992), the D.C.

Circuit held that it was improper to award summary judgment to DEA based on § 552(c)(2)

where there was evidence in the record that the alleged informant had testified in open court that

he had received government money for his cooperation with the prosecution and the alleged

informant in fact gave testimony to aid the prosecution. *See id.* at 1249. Based on the evidence

in the record regarding Starita's status as an informant, the Court cannot affirm DEA's issuance

of a Glomar response.

 Because DEA has not demonstrated to the Court that it conducted a search for records

responsive to North's request and reviewed those records to determine whether the information

contained therein is identical to information that has been publicly disclosed, the Court cannot

award summary judgment to DEA on Count I of the Amended Complaint. The Court shall

therefore vacate its prior judgment on this count and allow DEA time to conduct a proper search.

## IV.  CONCLUSION

 For the foregoing reasons, the Court shall GRANT North's [106] Motion to Reconsider

Summary Judgment on Count I of the Complaint. The Court shall VACATE its award of

summary judgment to DEA on Count I of the Amended Complaint. The Court shall also set a

schedule to allow DEA to conduct a search for any responsive records containing information

that may be in the public domain and file a revised motion for summary judgment.  An

appropriate Order accompanies this Memorandum Opinion.

_____/s/_____

COLLEEN KOLLAR-KOTELLY
United States District Judge