**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JEFFREY NORTH,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,

Defendants.

**Civil Action No. 08-1439 (CKK)**

**MEMORANDUM OPINION**
(September 26, 2012)

Plaintiff Jeffrey North, proceeding *pro se*, filed suit against the Drug Enforcement

Administration ("DEA") and several other agencies pursuant to the Freedom of Information Act,

5 U.S.C. § 552.  The only remaining claim at issue is Count 1 of the Amended Complaint, which

challenges the DEA's *Glomar* response to several FOIA requests seeking information regarding

a purported DEA informant---Gianpaolo Starita---who testified against the Plaintiff during his

criminal trial.  The Court previously granted summary judgment in favor of the DEA on this

count, but vacated that judgment upon the Plaintiff's motion to reconsider.  Presently before the

Court are a number of motions from both parties.  Upon consideration of the parties' pleadings[1]

and the record before the Court, for the reasons stated below, the Court finds as follows: the

DEA's [126] Renewed Motion for Summary Judgment ("DEA's MSJ") is DENIED; the DEA's

[127] Motion for Reconsideration of the Court's 2011 Order Requiring Production of Documents

is DENIED; the DEA's [128] Motion for *In Camera* Review of DEA Declaration ("DEA's Mot.

---

[1]  In addition to the motions cited and documents filed in support thereof, the Court's
analysis considered the following documents, in chronological order of filing: Pl.'s Opp'n to
DEA's Mot. for Summ. J., ECF No. [134]; Pl.'s Opp'n to DEA's Mot. for Recons., ECF No.
[136]; DEA's Opp'n to Pl.'s Mot. for Summ. J., ECF No. [144]; and Pl.'s Reply to Def.'s Opp'n,
ECF No. [145].

for Rvw") is DENIED; Plaintiff's [123] Motion to Allow a Late Submission of Trial Transcripts

and Grand Jury Transcripts to the Drug Enforcement Administration for Consideration in its

Search for Information ("Pl.'s First Mot. to Allow Late Subm.") is GRANTED as conceded;

Plaintiff's [130] Motion to Allow a Late Submission of Additional Transcripts of Grand Jury

Testimony of Gianpaolo Starita to the Drug Enforcement Administration ("Pl.'s Second Mot. to

Allow Late Subm.") is GRANTED as conceded; Plaintiff's [139] Renewed Motion for Summary

Judgment ("Pl.'s MSJ") is GRANTED; and Plaintiff's [141] Motion to Allow Submission of

Corrected Pleadings is DENIED AS MOOT.

## I.  LEGAL STANDARD[2]

### A.    *Federal Rule of Civil Procedure 54(b)*

Under Rule 54(b) of the Federal Rules of Civil Procedure, a district court may revise its

own interlocutory orders "at any time before the entry of judgment adjudicating all the claims

and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  Rule 54(b) recognizes the

inherent power of the courts to reconsider interlocutory orders "as justice requires." *Capitol*

*Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011).  The "as

justice requires" standard may be met where the court has patently misunderstood the parties,

strayed far afield of the issues presented, or failed to consider a controlling or significant change

in the law or facts since the submission of the issue.  *See Cobell v. Norton*, 224 F.R.D. 266, 272

(D.D.C. 2004).  The Court has broad discretion to consider whether relief is "necessary under the

relevant circumstances." *Lewis v. District of Columbia*, 736 F. Supp. 2d 98, 102 (D.D.C. 2010)

(internal quotation marks omitted).

---

[2]  The Court detailed the factual and procedural history in its prior orders and presumes familiarity with those Orders. *E.g.*, 9/14/11 Mem. Opin. at 1-3; 9/30/09 Mem. Opin. at 1-3.

B.      *Federal Rule of Civil Procedure 56*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record," or "showing that the materials cited do not establish the absence or presence of a genuine dispute."  Fed. R. Civ. P. 56(c)(1). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e).  When considering a motion for summary judgment, the court may not make credibility determinations or weigh the evidence; the evidence must be analyzed in the light most favorable to the nonmoving party, with all justifiable inferences drawn in his favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  "If material facts are at issue, or, though undisputed, are susceptible to divergent inferences, summary judgment is not available."  *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009) (citation omitted).  Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute.  *See Ass'n of Flight Attendants-CWA v. U.S. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009).

## II. DISCUSSION

In response to a FOIA request,

> [A]n agency may refuse to confirm or deny the existence of records where to answer the FOIA inquiry would cause harm cognizable under a FOIA exception. Such a response—commonly known as a Glomar response—is proper if the existence *vel non* of an agency record is itself exempt from disclosure.  If, however, the agency has officially acknowledged the existence of the record, the agency can no longer use a Glomar response, and instead must either: (1) disclose the record to the requester or (2) establish that its contents are exempt from disclosure and that such exemption has not been waived.

*Moore v. CIA*, 666 F.3d 1330, 1333 (D.C. Cir. 2011) (internal citations and quotation marks omitted).  "Where an informant's status has been officially confirmed, a Glomar response is unavailable, and the agency must acknowledge the existence of any responsive records it holds." *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 380 (D.C. Cir. 2007).

In this case, the DEA issued a *Glomar* response to Plaintiff's FOIA requests, refusing to confirm or deny the existence of any requested records, alleging that confirming the existence of such records concerning Starita would amount to an "unwarranted invasion of personal privacy," and the records would be exempt from disclosure pursuant to various FOIA exemptions.  9/30/09 Mem. Opin. at 3.  The Plaintiff contends that the DEA publicly acknowledged Starita as a DEA informant during the Plaintiff's trial, triggering the "public domain" exception and barring the DEA from employing a *Glomar* response.  For its part, the DEA argues the Plaintiff has not met his burden to show public acknowledgement of Starita as an informant.  For the reasons discussed *infra*, the Plaintiff has the better argument.

The DEA relies almost entirely on *Moore v. CIA*, 666 F.3d 1330 (D.C. Cir. 2011), in support of its motions for summary judgment and reconsideration.  The *Moore* case concerned FOIA requests to various agencies regarding an individual named Sveinn Valfells, Sr.  *Id.* at 1331.  The CIA issued a *Glomar* response to the request, while the FBI produced a redacted report indicating "T-1, an agency of the U.S. Government which conducts intelligence

investigations," provided certain relevant information to the FBI regarding Valfells.  *Id.* at 1332.
The report further indicated that the report was designated "Secret" in part because it contained
classified information from the CIA.  *Id.*  During the course of subsequent litigation, the CIA
submitted a declaration indicating the CIA had asked the FBI to redact certain "CIA-originated
information" from the report later produced.  *Id.* at 1333.  The district court granted summary
judgment in favor of the CIA on the basis that the declaration did not amount to a public
acknowledgment that the CIA maintained any documents regarding Valfells.  The D.C. Circuit
affirmed the district court, noting that the declaration "does not identify specific records or
dispatches matching Moore's FOIA request.  Indeed, because the CIA-originated information
was redacted before the FBI released its Report to him, Moore cannot show that the redacted
information even relates to Valfells Sr."  *Id.* at 1334.

The DEA's reliance on *Moore* is misplaced.  At no point in its pleadings does the DEA
argue that the transcripts submitted by North, if authentic, do not disclose sufficient information
to show the DEA has publicly acknowledged Starita as a DEA informant and that the DEA
maintains documents responsive to Plaintiff's requests.  Rather, the entirety of the DEA's
substantive argument is that Plaintiff's submission of transcripts is insufficient because (1) the
transcripts were not attached to Plaintiff's initial FOIA request; (2) the transcripts are not
authenticated; and (3) the Plaintiff did not provide complete transcripts.  The *Moore* case did not
address any issues remotely relevant to the DEA's arguments, and therefore cannot be
considered new legal authority requiring reconsideration of the Court's prior Order.  The Court is
perplexed as to why the DEA requested multiple extensions of time and ultimately took over
three months to file a renewed summary judgment motion when the DEA did not perform any

additional searches and cites absolutely no legal authority in support of its contention regarding the timing of production and authentication of the transcripts provided by the Plaintiff.  To the contrary, several in this Circuit clearly demonstrate the DEA's arguments are incorrect.

In *Marino v. Drug Enforcement Administration*, 685 F.3d 1076 (D.C. Cir. 2012), the plaintiff filed a FOIA request with the DEA seeking records associated with a specific number from the DEA's Narcotics and Dangerous Drug Information System ("NADDIS"), purportedly associated with a co-conspirator that testified against Marino during his criminal trial.  *Id.* at 1078.  The DEA issued a *Glomar* response, declining to confirm or deny the existence of any requested records.  *Id.* at 1079.  After the district court granted summary judgment in favor of the DEA, Marino moved for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), attaching over 500 pages of unauthenticated trial exhibits and other materials purporting to show the DEA had publicly acknowledged the link between the specified NADDIS number and Marino's co-conspirator.  *Id.*  The D.C. Circuit reversed the trial court's denial of Marino's Rule 60(b) motion, finding Marino's unauthenticated documents and assertions regarding the existence of other documents with similar content were sufficient to create a genuine issue of material fact as to the propriety of the DEA's *Glomar* response.  *Id.* at 1081.

In a similar case involving FOIA requests concerning purported informants, the court in *Benavides v. Drug Enforcement Agency*, 968 F.2d 1243 (D.C. Cir. 1992), reversed the trial court's grant of summary judgment in favor of the DEA regarding its *Glomar* response. Benavides submitted a declaration opposing the DEA's motion for summary judgment, asserting that various witnesses had testified in open court that the individuals in question were working for the DEA as paid informants.  *Id.* at 1249.  The D.C. Circuit concluded that Benavides'

6

declaration alone was sufficient to create a genuine issue of material fact as to whether the DEA had publicly confirmed the informant status of the individuals at issue in the FOIA request, and therefore summary judgment was inappropriate.

As the *Marino* and *Benavides* decisions indicate, the DEA's objections to the Plaintiff's submission of transcripts are unpersuasive.  First, in footnote in its renewed motion for summary judgment, the DEA cites *Jarvik v. CIA*, 495 F. Supp. 2d 67 (D.D.C. 2007), and *Forest Guardians v. Department of the Interior*, 416 F.3d 1173 (10th Cir. 2005), for the proposition that the Court's review is limited to the materials the Plaintiff submitted in support of his underlying requests.  DEA's MSJ at 6 n.2.  Even a cursory reading of these cases reveals that the quoted language specifically refers to the record upon judicial review of the denial of a fee waiver under FOIA.  Neither the *Jarvik* nor the *Forest Guardians* court analyzed the official acknowledgment issue.  *Forest Guardians*, 416 F.3d at 1177; *Jarvik*, 495 F. Supp. 2d at 71.  The relevant record from which the Court must determine whether the DEA officially acknowledged Starita as an informant is the *summary judgment* record, not the administrative record relating to the Plaintiff's underlying FOIA requests.  *See Marino*, 685 F.3d at 1081.  Second, the Plaintiff need not produce authenticated documents in order to survive summary judgment.  Just as Benavides' affidavit was sufficient to demonstrate a genuine issue of material fact, Plaintiff's declaration and transcripts are more than sufficient, and the DEA's motion for summary judgment must be denied.  968 F.2d at 1249.

The Court's analysis does not end with denying the DEA's motion because the Plaintiff has cross-moved for summary judgment on the same grounds.  Pl.'s MSJ ¶¶ 26-35.  Plaintiff's own motion for summary judgment focuses on the public disclosure issue, yet save for one

footnote, the DEA's opposition fails to even mention this issue.  Footnote 1 of the DEA's opposition in fact is copied and pasted from the DEA's renewed motion, which, as explained *supra*, relies on a misleading citation to make a demonstrably incorrect argument.  DEA's Opp'n, ECF No. [144], at 9 n.1.  The body of the DEA's opposition addresses (1) the reasonableness of the DEA's search; and (2) the applicability of certain exemptions, questions that are not before the Court.  *See Marino*, 685 F.3d at 1082.  In its renewed motion for summary judgment, the DEA notes that the case name was attached to the transcript using tape, the pages are not numbered, and the questions and answers from the bottom of one page to the top of the next do not necessarily correspond.  DEA's MSJ at 6 n.3 (citing Second Suppl. Little Decl. ¶ 14).  The latter issue is explained by Plaintiff's own admission that he submitted excerpts from Starita's trial testimony, rather than the entirety of his testimony.  The remaining cosmetic issues identified by the DEA do not raise a genuine issue of material fact as to the authenticity of the transcripts.

The only evidence before the Court is the un-rebutted evidence submitted by the Plaintiff indicating the DEA publicly acknowledged Starita as an informant during Plaintiff's criminal trial.  The Plaintiff submitted a declaration under penalty of perjury indicating that (1) the transcript excerpts attached to his declaration are "exact copies of the original transcripts as I received them from the Court Reports who prepared them."  North Decl., ECF No. [139-2], ¶ 5. Plaintiff satisfied his burden of production on this issue, with no substantive argument or evidence to the contrary from the DEA.  Therefore, Plaintiff is entitled to summary judgment to the effect that the DEA has officially acknowledged Starita as a DEA informant and therefore the DEA's *Glomar* response was improper.  Accordingly, the DEA must confirm whether or not

responsive documents exist, and then either release the documents or establish the contents of the documents are exempt from disclosure. *Marino*, 685 F.3d at 1082. The DEA is further advised that the DEA is obligated to disclose any information previously disclosed by Starita and other witnesses, as indicated in the transcripts submitted by the Plaintiff, despite the fact certain FOIA exemptions might otherwise protect disclosure of certain documents. *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992).

### III.  MISCELLANEOUS MOTIONS

Apart from the parties' cross-motions, several miscellaneous motions are pending before the Court. The DEA filed a motion for *in camera* review of the declaration filed in support of its renewed motion for summary judgment. DEA Mot. for Rvw at 1. The motion indicates the declaration contains "sensitive information," but in the DEA's "haste to make the necessary preparations," the DEA failed to file a motion to seal the declaration. *Id.* Instead, the DEA filed a redacted declaration on the public docket and now seeks to remedy its error by having the Court review the declaration *in camera*. Absent a proper motion to seal, the Court has no indication as to what or why redacted information in the declaration should be protected from disclosure as the DEA claims. In any event, the DEA's renewed motion for summary judgment is legally infirm; therefore the Court does not reach the issues raised by the declaration at issue. Accordingly, the DEA's motion for *in camera* review is denied.

The Plaintiff filed two motions seeking leave to submit additional transcripts to the DEA to consider in determining what additional information should be disclosed, a process the DEA failed to undertake. *See generally* Pl.'s First & Second Mots. to Allow Late Subm. The DEA did not oppose Plaintiff's motions, therefore both motions are granted. Finally, the Plaintiff filed

a motion for leave to file corrected pleadings.  Because the Court is granting the Plaintiff's motion for summary judgment and denying the DEA its requested relief, this motion is denied as moot.

## IV. CONCLUSION

For the reasons stated above, the DEA's [126] Renewed Motion for Summary Judgment and [127] Motion for Reconsideration of the Court's 2011 Order Requiring Production of Documents are DENIED.  The DEA cites no applicable intervening legal authority that would warrant reconsideration of the Court's September 14, 2011 Order, the Defendant satisfied his burden of production as to the issue of the DEA's official acknowledgment of Gianpaolo Starita as a DEA informant.  The DEA's [128] Motion for *In Camera* Review of DEA Declaration is DENIED.  The DEA failed to follow proper procedure for submitting documents under seal or in redacted format, and ultimately the Court does not reach the issues addressed by the declaration.  Plaintiff's [139] Renewed Motion for Summary Judgment is GRANTED.  The DEA must publicly acknowledge the existence of documents responsive to the Plaintiff's requests, and must either release the contents of those documents or establish one or more FOIA exemptions protects the contents of the documents from disclosure.  Plaintiff's [123] Motion to Allow a Late Submission of Trial Transcripts and Grand Jury Transcripts to the Drug Enforcement Administration for Consideration in its Search for Information and [130] Motion to Allow a Late Submission of Additional Transcripts of Grand Jury Testimony of Gianpaolo Starita to the Drug Enforcement Administration are GRANTED as conceded.  The DEA must consider the information publicly disclosed in the attached transcripts in determining what information may and may not be withheld pursuant to any potentially relevant FOIA exemptions.  Finally,

Plaintiff's [141] Motion to Allow Submission of Corrected Pleadings is DENIED AS MOOT

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE