UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY NORTH,<br><br>   Plaintiff,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>   Defendants. | Civil Action No. 08-1439 (CKK) |

**MEMORANDUM OPINION**
(December 6, 2013)

Plaintiff Jeffrey North, proceeding *pro se*, filed suit against the Drug Enforcement Administration ("DEA") and several other federal agencies alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The only remaining claim at issue is Count 1 of the Amended Complaint, which challenges the DEA's *Glomar* response to the Plaintiff's 2007 FOIA request seeking information regarding a purported DEA informant—Gianpaolo Starita—who testified against the Plaintiff during his criminal trial. On September 9, 2013, the Court granted summary judgment in favor of the DEA on this count. Presently before the court is the Plaintiff's [179] Motion for Reconsideration. For the reasons stated below, the Court DENIES the Plaintiff's Motion.

**I.    LEGAL STANDARD**

To prevail on a Motion for Reconsideration, the movant bears the burden of identifying an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996)). However, "[m]otions for reconsideration are disfavored[.]" *Wright v. F.B.I.,* 598

F.Supp.2d 76, 77 (D.D.C. 2009) (internal quotation marks and citation omitted). "The granting of such a motion is . . . an unusual measure, occurring in extraordinary circumstances." *Kittner v. Gates,* 783 F.Supp.2d 170, 172 (D.D.C. 2011). Accordingly, Motions for Reconsideration may not be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Jung v. Assoc. of Am. Med. Colls.,* 226 F.R.D. 7, 8 (D.D.C. 2005) (internal quotation marks and citation omitted).

## II. DISCUSSION

The Plaintiff's arguments in his Motion for Reconsideration fall into two broad categories: (1) the Court improperly relied on supposed "*ex parte*" communications in granting summary judgment in favor of the DEA, and (2) the DEA's search for files responsive to the Plaintiff's 2007 FOIA request was insufficient. The Court addresses each of the Plaintiff's arguments in turn and finds that they are all devoid of merit.

### A. *Court's Reliance on Alleged "Ex Parte" Communications*

On September 9, 2013, the Court entered summary judgment in favor of the DEA in response to renewed motions for summary judgment filed by both parties. In the DEA's Second Renewed Motion for Summary Judgment, *see* ECF No. [149], filed on November 26, 2012, the DEA argued that it conducted a reasonable and adequate search for records responsive to the Plaintiff's 2007 FOIA request and also indicated that it withheld information responsive to the Plaintiff's FOIA request pursuant to FOIA Exemptions 7(C), 7(D), and 7(F). However, included with the DEA's pleading was a signed and sworn affidavit by William C. Little, Jr. detailing the nature of the DEA's search for responsive records and concluding that "[n]o records responsive to plaintiff's request were located." *See* Third Little Decl., ECF No. [149-1]. The Third Little Declaration did not contain any discussion of FOIA exemptions. On August 27, 2013, the Court

2

issued a Minute Order requesting the DEA to file a supplement explaining the apparent discrepancy between the DEA's pleading and the Third Little Declaration by no later than September 6, 2013. The DEA filed the requested supplement on September 6, 2013, and stated in relevant part:

> In Defendants' several pleadings, as required by this Court, Defendants had been vague with respect to searches, and responsive materials because Defendants took the position that a Glomar response was appropriate in the instant case. Defendants maintain their position stated in the 3rd Little Decl., attached to Defendants' Second Renewed Motion (ECF No. 149), and in Defendants' Reply brief (ECF No. 155), that reasonable searches were conducted and no responsive records were located.

Govt.'s Notice to Court, ECF No. [171], at 2. On September 9, 2013, the Court issued an Order and Memorandum Opinion granting summary judgment in favor of the DEA on the basis that the DEA had conducted a search reasonably calculated to locate all relevant documents, but ultimately did not locate any records responsive to the Plaintiff's 2007 request.

The Plaintiff now argues that the Court's August 27, 2013, Minute Order requesting the DEA file a supplement explaining the apparent discrepancy in its pleadings and the DEA's September 6, 2013, Notice filed in response constituted *ex parte* communications and, consequently, it was improper for the Court to rely on the DEA's Notice in granting summary judgment in favor of the DEA.

The Plaintiff's contention that the Court's Minute Order and the DEA's Notice constitute *ex parte* communications is completely unfounded. Both the Court's Minute Order and the DEA's Notice were filed on the public docket. An *ex parte* communication is defined as a "communication between counsel and the court when opposing counsel is not present." Black's Law Dictionary 316 (9th ed. 2009); *cf.* Richard E. Flamm, Judicial Disqualification § 14.3.1, at 410 (1996) ("[A]n ex parte contact is generally thought to be one between a person who is in a decision-making role and a person who is either a party or counsel to a proceeding before him

that takes place without notice and outside the record."). As the communications at issue were all filed on the public docket and thus accessible to all they cannot, by definition, be considered *ex parte* communications.

The Plaintiff further argues that the fact that he did not have an opportunity to respond to the DEA's Notice gave the communications the effect of an *ex parte* communication. This argument is also unfounded. In issuing its Minute Order, the Court simply sought to confirm its understanding that it was the agency's position, as set forth in the signed and sworn declaration by the individual who conducted the search, that no documents responsive to the Plaintiff's 2007 FOIA request were found. Like the Plaintiff, the Court recognized that the DEA's Second Renewed Motion for Summary Judgment had been hastily assembled and largely cut and pasted from its prior renewed motion for summary judgment without taking care to adapt the pleading to the Court's rejection of the DEA's *Glomar* response. From the Court's perspective the Third Little Declaration was the key document to rely on because it represented the actual agency position, sworn under oath by the individual who was involved in the search. Thus, the Court sought clarification of the discrepancy between the 'no records' assertion in the Third Little Declaration and the agency's continued discussion of FOIA exemptions in its pleadings in order to confirm the Court's understanding that the discussion of the FOIA exemptions was a mistake and that the Third Little Declaration was indeed the agency position. In simply clarifying this mistake and confirming the agency's position, the Government's Notice to the Court presented no new legal argument. Moreover, the Third Little Declaration, which included the statement that no records responsive to the Plaintiff's FOIA request were found, was part of the DEA's Second Renewed Motion for Summary Judgment from the moment it was filed. The Third Little Declaration and all of the arguments made therein were available to the Plaintiff from the time

the Plaintiff received the DEA's pleadings. Indeed, the Plaintiff discusses the Third Little Declaration and Mr. Little's assertion that no records were found in his Reply in Support of his Cross-Motion for Summary Judgment. Thus, it is disingenuous for the Plaintiff to now claim that the Court's Minute Order and the DEA's Notice were effectively *ex parte* communications because he was prejudiced by his inability to respond. As the Court only sought confirmation of the DEA's position and the Plaintiff had access to the Third Little Declaration and even addressed the Declaration's assertion of 'no records' in his Reply, there was no need for the Plaintiff to be provided an opportunity to respond to the DEA's Notice. For the same reasons, the Court rejects the Plaintiff's contention that the DEA forfeited the "argument" in its Notice by not raising it in its initial brief.[1]

## B. *Sufficiency of the DEA Search and Affidavit*

In his Motion for Reconsideration, the Plaintiff also makes four arguments about the

---

[1] In the same vein of arguing that the Court improperly relied on the DEA's "new" "argument" in its Notice to the Court, the Plaintiff makes two additional arguments. First, the Plaintiff contends that since the "argument" the DEA propounded in its Notice was new and thus not developed in the DEA's pleadings, the Court was forced to improperly act as an advocate for the DEA in rejecting the Plaintiff's arguments about the sufficiency of the FOIA search. The Court emphatically rejects this argument. In rejecting the Plaintiff's contentions that the DEA's search had been inadequate, the Court only relied on arguments and information included by the DEA in its pleading or in the Second and Third Little Declarations, which were available to the Plaintiff at the time he filed his Reply.

Second, the Plaintiff argues that the Court improperly disregarded the "records in the three files located in the 2007 search of the investigative case file that ha[d] been withheld pursuant to Exemptions 7(C), 7(D), and 7(F) . . . upon the fact that in 2012 Little conducted another search of a file, i.e. the confidential source file, and did not locate any responsive records in that file." Pl.'s Mot., at 4. The Plaintiff appears to be confused about the three files the DEA located in the 2007 search. The Little Declarations only state that these files corresponded to the Plaintiff, the Declarations do not state that the files contained information responsive to the Plaintiff's 2007 FOIA request. Furthermore, as the Court explained above, the DEA's discussion of applicable FOIA exemptions for withholding information appears to have been mistakenly included in its Second Renewed Motion for Summary Judgment which appears to have been hastily cut and pasted from the DEA's First Renewed Motion for Summary Judgment and not modified to reflect the Court's rejection of the DEA's *Glomar* response.

sufficiency of the search conducted by the DEA. The Court thoroughly combed through the Plaintiff's Motion for Reconsideration to determine if the Plaintiff now raises any new sufficiency arguments for which he did not have the information to formulate an argument at the time he filed his Reply. The Court found none. All of the information on which the Plaintiff relies to make these sufficiency arguments was available to the Plaintiff when the Plaintiff filed his Cross-Second Renewed Motion for Summary Judgment in opposition to the DEA's Second Renewed Motion for Summary Judgment and his Reply supporting his Cross-Motion. Indeed, the Plaintiff made several arguments about the sufficiency of the DEA's search in his Reply and the Court addressed each argument in its Memorandum Opinion granting the DEA's Second Renewed Motion for Summary Judgment even though the Court could have rejected these arguments as untimely as they were only made in the Plaintiff's Reply. *See* Mem. Op., ECF No. [173], at 9-10. Thus, with this Motion for Reconsideration, the Plaintiff is effectively attempting to file a surreply after the Court has already issued its decision. The fact that the Plaintiff could have made these arguments before but did not is in itself a sufficient basis for the Court to reject these arguments. *See Jung v. Assoc. of Am. Med. Colls.,* 226 F.R.D. 7, 8 (D.D.C.2005) (in a Motion for Reconsideration, the movant must not "relitigate old matters, or raise arguments or present evidence that could have been raised prior to the entry of judgment.") (internal quotation marks and citation omitted).

Accordingly, the Court refuses to consider the Plaintiff's argument that the Third Little Declaration—to which the Plaintiff had access during summary judgment briefing and which he addressed in his own pleadings—allegedly fails to set forth the terms of the search and is vague and conclusory. The Court also rejects the Plaintiff's argument that the DEA's search was inadequate because the DEA improperly limited its search to only criminal statements made by

6

Mr. Starita about the Plaintiff and the DEA failed to search the transcripts provided by the Plaintiff. The Court finds these arguments to simply be reformulations of the search sufficiency arguments raised by the Plaintiff in his Reply brief. It is improper for the Plaintiff to use his Motion for Reconsideration to simply relitigate these arguments. *See id.* In addition, the Court did not clearly err in rejecting these arguments the first time. The Third Little Declaration repeatedly stated that no investigative case file was found in which both Plaintiff and Mr. Starita's names appear and that Mr. Little personally reviewed the confidential source file and found no records responsive to the Plaintiff's request.

As for the search of the transcripts, the Plaintiff again fails to understand that the transcripts provided by the Plaintiff are relevant to the DEA's search only in so far as any documents the DEA finds in its records responsive to the Plaintiff's 2007 FOIA requests match the information in the transcripts. If the DEA were to find documents responsive to the Plaintiff's request and those documents contained information that matched the information contained in the transcripts provided by the Plaintiff, the DEA would then be unable to claim an exemption precluding release of the responsive information because the transcripts established that the information had already been publicly disclosed. The adequacy of the DEA's search is not dependent on a search of the transcripts or a search for information matching the transcripts; the transcripts are only relevant to the second order question of whether the DEA has the right to withhold any information it found that was responsive to the Plaintiff's request. As the DEA found no documents responsive to the Plaintiff's FOIA request, the transcripts become irrelevant.

Finally, the Court rejects the Plaintiff's argument that the Third Little Declaration's assertion that "no records responsive to plaintiff's request were located" does not necessarily mean that the DEA's files do not contain any documents responsive to the Plaintiff's 2007 FOIA request. The

Plaintiff contends that since the DEA in the Second Little Declaration stated that it uses a 'no record' response where the records requested are not agency records it is possible that the DEA has documents, such as ATF Reports of Investigation or attorney/client proffer letters, which contain information responsive to the Plaintiff's FOIA request and which are improperly being withheld. As with all of the Plaintiff's other sufficiency arguments, this argument could have been made in the Plaintiff's summary judgment pleadings. Furthermore, the Court finds the Plaintiff's argument to be entirely speculative and by no means a necessary reading of the Second and Third Little Declaration or a necessary conclusion to be drawn from the declarations.

## II. CONCLUSION

For the reasons stated, the Court DENIES the Plaintiff's [179] Motion for Reconsideration. An appropriate Order accompanies this Memorandum Opinion.

*/s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE