UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY NORTH,

   Plaintiff,

     v.

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,

   Defendants.

Civil Action No. 08-1439 (CKK)

**MEMORANDUM OPINION**
(August 19, 2014)

Plaintiff Jeffrey North, proceeding *pro se*, filed suit against the Drug Enforcement Administration ("DEA") and several other federal agencies alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The only remaining claim at issue is Count 1 of the Amended Complaint, which challenges the DEA's *Glomar* response to the Plaintiff's 2007 FOIA request seeking information regarding a purported DEA informant—Gianpaolo Starita—who testified against the Plaintiff during his criminal trial. On September 9, 2013, the Court granted summary judgment in favor of the DEA on this count. Plaintiff subsequently filed a Motion for Reconsideration which the Court denied on December 6, 2013. Presently before the Court is the Plaintiff's [188] Second Motion for Reconsideration. For the reasons stated below, the Court DENIES Plaintiff's Motion.

**I.    LEGAL STANDARD**

To prevail on a Motion for Reconsideration, the movant bears the burden of identifying an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir.

1996)).  However, "[m]otions for reconsideration are disfavored[.]"  *Wright v. F.B.I.,* 598 F.Supp.2d 76, 77 (D.D.C. 2009) (internal quotation marks and citation omitted).  "The granting of such a motion is . . . an unusual measure, occurring in extraordinary circumstances."  *Kittner v. Gates,* 783 F.Supp.2d 170, 172 (D.D.C. 2011).  Accordingly, Motions for Reconsideration may not be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Jung v. Assoc. of Am. Med. Colls.,* 226 F.R.D. 7, 8 (D.D.C. 2005) (internal quotation marks and citation omitted).

## II.  DISCUSSION

In his Second Motion for Reconsideration, Plaintiff argues that the Court erred in concluding that the DEA conducted a reasonable search in response to Plaintiff's 2007 FOIA request and found no responsive documents because, in coming to that conclusion, the Court improperly relied on searches the DEA conducted in 2008 and 2012 in response to a separate 2008 FOIA request made by Plaintiff.  Plaintiff contends that "[t]he fact that the DEA's 2008 and 2012 searches conducted pursuant to the 2008 request . . . did not locate any responsive records is totally irrelevant to the fact that the DEA's 2007 search conducted pursuant to [Plaintiff's] . . . 2007 request (which is the subject of Count One) did locate responsive records which the DEA is improperly withholding."  Pl.'s Mot. at 3.

First, Plaintiff is not correct that the DEA averred that it located documents responsive to Plaintiff's 2007 FOIA request during its 2007 search.  The second and third declarations submitted by DEA official William C. Little, Jr. state that during the 2007 search, the DEA identified "three (3) criminal investigative case file number(s) in which information regarding the plaintiff was located."  Second Little Decl. ¶ 23; Third Little Decl. ¶ 8.  Plaintiff's 2007 FOIA request had asked for any and all documents "which contain any debriefing/proffer

statements made/given by Gianpaolo Starita in regard to [Plaintiff]." First Little Decl., ECF No. [19-1], Ex. M (7/13/2007 FOIA Request), at 1. The fact that the DEA averred that it found three criminal investigative files containing information about Plaintiff does not necessarily suggest that those files contained documents that were responsive to Plaintiff's FOIA request, which specifically requested documents referencing Plaintiff *and* Gianpaolo Starita.

The searches the DEA conducted in 2008 and 2012 confirm that the files searched in 2007 do not contain any documents responsive to Plaintiff's 2007 FOIA request nor do any other files where responsive documents could reasonably be found. Plaintiff is correct that the Court considered these later searches in concluding that the DEA conducted a reasonable search that did not locate any documents responsive to Plaintiff's 2007 FOIA request. *See* Mem. Op. (Sept. 9, 2013), at 8-9. But the Court did not clearly err in relying on these searches. Although the 2008 and (allegedly) 2012 searches were conducted in response to Plaintiff's 2008 FOIA request, the 2008 request covered the universe of documents responsive to Plaintiff's 2007 FOIA request. *Compare* First Little Decl., ECF No. [19-1] Ex. S (5/1/2008 FOIA Request), at 1 (requesting "all documents . . . that contain any debriefing/proffer statements made/given by Gianpaolo Starita."), *with* First Little Decl., ECF No. [19-1] Ex. M (7/13/2007 FOIA Request), at 1 (requesting any and all documents "which contain any debriefing/proffer statements made/given by Gianpaolo Starita in regard to [Plaintiff]."). Thus, in assessing whether the DEA searched all locations where responsive documents would reasonably be found, the Court properly considered the later searches the DEA conducted.

The Third Little Declaration states that "the NADDIS query conducted on June 27, 2008, did not disclose any investigative case file in which both plaintiff and Gianpaolo Starita's names appear." Third Little Decl. ¶ 11. This finding is clearly responsive to Plaintiff's 2007 FOIA

3

request as is the fact that Mr. Little personally reviewed Gianpaolo Starita's confidential source file in 2012 for proffer statements from Gianpaolo Starita, and did not locate any responsive documents. *Id.* ¶¶ 10-11. Accordingly, as the DEA's series of searches covered the locations where documents responsive to Plaintiff's 2007 FOIA request could reasonably be found, the Court did not err in concluding that the DEA had conducted a reasonable search in response to Plaintiff's 2007 FOIA request and had not located any responsive documents.

Moreover, even if the Court were to conclude, as Plaintiff appears to urge, that it is only proper to consider the DEA's 2007 search to assess the adequacy of the agency's search in response to Plaintiff's 2007 FOIA request, any relief the Court would order upon a finding that the 2007 search was inadequate has already been provided by the DEA. As the Court has already explained, the locations and the terms which the DEA used in its search in 2008 and 2012—even if they were searched in response to a separate FOIA request—were reasonably calculated to locate all documents that would have been responsive to Plaintiff's 2007 FOIA request. Consequently, the DEA's 2008 and 2012 searches completed the universe of locations where it was reasonably likely that documents responsive to Plaintiff's 2007 request would be found.

Finally, Plaintiff argues that the Court erred in concluding in a footnote in its September 9, 2013, Memorandum Opinion that "the DEA does not claim that it was unable to determine if the files indexed under the name "Gianpaolo Starita" refer to the same person identified in the Plaintiff's FOIA request." Mem. Op. (Sept. 9, 2013), at n 3. Plaintiff notes that the Second Little Declaration states that "[t]he difficulty was that [sic] Gianpaolo Starita identified by plaintiff could not be positively identified with records maintained by DEA based upon information provided by plaintiff." Second Little Decl. ¶ 24. After reviewing the Second Little

4

Declaration, the Court recognizes that the statements in the Declaration and the Court's footnote do indeed appear to be contradictory. Nevertheless, the Court finds this discrepancy to be of no consequence because the DEA avers that it searched all files reasonably calculated to contain responsive documents for "any" Gianpaolo Starita, and no files were found associated with "*a* Gianpaolo Starita that corresponded with any DEA file associated with plaintiff." Second Little Decl. ¶ 24. Thus, even though the DEA did not have enough information to positively identify the Gianpaolo Starita for whom the DEA located files as *the* Gianpaolo Starita identified by Plaintiff, the DEA's search looked at the files associated with all Gianpaolo Staritas and found that none of them also referenced or otherwise corresponded with Plaintiff. As Plaintiff's 2007 FOIA request sought "any debriefing/proffer statements made/given by Gianpaolo Starita in regard to [Plaintiff]," the Court finds the DEA's search was reasonably calculated to locate all documents that would be responsive to Plaintiff's 2007 FOIA request.

## III. CONCLUSION

For the reasons stated, the Court DENIES the Plaintiff's [188] Second Motion for Reconsideration. An appropriate Order accompanies this Memorandum Opinion.

*/s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE